## KRONE *v.* MAESTRI.

Opinion delivered October 12, 1931.

*Hill, Fitzhugh & Brizzolara,* for appellant.

*G. L. Grant,* for appellees.

SMITH, J. This suit was brought by the trustees named in a deed of trust to foreclose that instrument. The testimony discloses the following facts: Leo Maestri operated a grocery business in a building owned by himself in the city of Ft. Smith, on which there was a mortgage not involved in this suit. To secure a number of creditors to whom he was indebted, Maestri executed the deed of trust here sought to be foreclosed. This instrument named the creditors and stated the amounts due them respectively, and Maestri did not deny the existence

of this indebtedness. The deed of trust covered not only the stock of goods, but the trade fixtures, including a Frigidaire and a cash register, but a foreclosure is prayed only as to the trade fixtures and the Frigidaire and cash register. Buell and his wife, who were made defendants, bought an interest in the business, and later bought the entire interest of Maestri, and thereafter conducted the business in their own names.

The original purchase price of the Frigidaire was $595, and upon this Maestri owed a balance of $253.66. The original purchase price of the cash register was $495, and upon which Maestri owed a balance of $100.

The Frigidiare and the cash register had been sold under conditional sales contracts whereby the title was reserved until the purchase price had been paid. Buell paid the balance of purchase money due on both the Frigidaire and cash register and claims that he thereby became the owner of both.

The complaint filed to foreclose the deed of trust made the Buells, as well as Maestri, parties defendant, and it was alleged that a partnership composed of Maestri and the Buells had assumed the payment of the indebtedness secured by the deed of trust and had converted the goods which it described.

The complaint alleged that the trustees, on behalf of the creditors, had agreed to release a lien of the deed of trust on the stock of goods in consideration of the agreement of the Buells to assume and pay the debts secured by the deed of trust.

The Buells denied in their answer that they had agreed to assume the payment of the existing indebtedness, but alleged that they took possession under an agreement with the trustees, referred to as Exhibit A, of which the following is a copy:

"Ft. Smith, Ark., Sept. 25, 1929.

"For the sum of two hundred sixty and no/100 dollars paid by John Buell we will release the stock of goods which was placed in the building by Leo Maestri and

which was mortgaged to the creditors together with all fixtures in the building by Maestri.

"We, the undersigned trustees for the creditors, release the stock only.

"Gus Krone, Trustee,

"J. A. Sipe, Trustee."

As we understand the testimony and find the facts to be, Buell now denies any liability under the instrument designated as Exhibit A, set out above, for the reason that it was never delivered and never became effective, although it is set out in the answer as the instrument and means under which he entered into possession of the property. It was also denied that the Buells have detained or claimed ownership of any of the fixtures except the Frigidaire and cash register, which Buell claims to have purchased from the original vendors by paying the balance of the purchase money due thereon. It was also alleged that they had requested the trustees to remove all the other trade fixtures from the building.

Certain cross-pleadings were filed by the Buells and Maestri against each other, which we need not consider, as they are not involved on this appeal. The complaint was dismissed as being without equity, and this appeal is from that decree.

We think the instrument referred to as Exhibit A must be given effect, in so far as it obligated Buell to pay $260 for the release of the stock of goods from the mortgage, because the parties have acted under it, although the $260 therein referred to was never paid in the manner contemplated. But a sum in excess of this amount was paid by Buell when he paid the balance due on the Frigidaire and the cash register. This payment of the balance of the purchase price of the Frigidaire and cash register inured to the benefit of the partnership, because the contract evidenced by Exhibit A, under which, as we have said, the parties have acted, contemplated that the deed of trust given by Maestri which covered the Frigidaire and cash register, should

subsist and continue in effect except as to the stock of goods.

The Buells appear to have refused to assume the payment of the indebtedness secured by the deed of trust beyond the $260, and they cannot be held liable therefor, but such interest as they acquired in the Frigidaire and cash register was, for the reasons here stated, acquired subject to the deed of trust.

There were transactions between Maestri and the Buells which we need not recite, but it is not claimed that Maestri has paid his creditors the indebtedness which the deed of trust secured, and, as he does not deny this indebtedness, judgment will be rendered against him for the amount thereof.